FLORIDA POWER & LIGHT COMPANY, a corporation, *Plaintiff in Error*, vs. PETER TOMASELLO, JR., Liquidator of Brevard County Bank & Trust Company, a banking corporation organized under the laws of Florida, as Trustee for the Bondholders holding bonds against Cocoa Beach Casino Corporation, a corporation, *Defendant in Error*.

139 So. 140.

Division A.

Opinion filed January 4, 1932.

*Crawford & Gaskin*, for Plaintiff in Error;

*A. J. Lussier* and *John H. Wahl,* for Defendant in Error.

BUFORD, C.J.—In this case the plaintiff in error drew its check on the Bank of Bay Biscayne in favor of Cocoa Beach Casino Corporation and thereafter caused the said check to be certified by Bank of Bay Biscayne, and then delivered the check to the payee, Cocoa Beach Casino Corporation. The payee endorsed and delivered the check to Brevard County Bank & Trust Company. The Brevard County Bank & Trust Company presented the check for payment, but payment was refused because the drawer had directed the bank to stop payment on the check. The check was returned to Brevard County Bank & Trust Company. Brevard County Bank & Trust Company failed and Peter Tomasello, Jr., having been duly appointed and qualified as Liquidator, brought suit against the plaintiff in error which suit resulted in judgment against the plaintiff in error in favor of the Liquidator.

To this judgment writ or error was taken.

The sole question involved here is whether or not the drawer of the check was discharged from liabilty thereon by reason of the certification of the check by the bank.

There is a difference between the position of the drawer of a check which is certified by the bank upon which it is drawn at the request of the drawer and before delivery by the drawer to the payee, and the position of a drawer of a check which is certified by the bank upon which it is drawn after delivery to the payee. In the latter case the drawer and all endorsers are discharged from liability thereon. See section 4841 R. G. S., 6927 C. G. L. In the former case the bank becomes liable primarily but the drawer remains liable secondarily. See Cuesta Rey & Co. vs. Newsome, opinion filed August 7, 1931, reported 136 Sou. 551, and cases there cited.

It is needless for us to say that the drawer of the check after the same was certified, had no authority to stop payment on the check. Neither was the Bank of Bay Bis-

cayne relieved from its primary obligation to pay the check by directions being received from the drawer to stop payment thereon.

The drawer being obligated to pay the check as a secondary obligor was liable in suit on the same and the owner and holder of the check could sue either the primary or the secondary obligor. The payment of the judgment by the secondary obligor will not discharge the primary obligor but the secondary obligor may maintain his action against the primary obligor upon the theory that such secondary obligor is subrogated to the rights of the holder of the certified check against the primary obligor, provided, of course, his right to recovery is not otherwise barred. See Cuesta Rey & Co. vs. Newsome, supra, and authorities there cited.

The judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.